UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANCY LYNN WOOD,

        **Plaintiff,**

v.             Case No: 6:22-cv-1578-RBD-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Claimant's appeal of an administrative decision denying her application for period of disability and disability insurance benefits. R. 992. In a decision dated May 6, 2022, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from January 14, 2015, the alleged disability onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(g)). R. 1004.

Having considered the parties' memoranda[1] and being otherwise fully advised, the undersigned recommends, for the reasons set forth herein, that the Commissioner's decision be **AFFIRMED**.

    **I.**    **Issue on Appeal**

Claimant makes one argument on appeal:

(1) The ALJ failed to properly consider Claimant's credibility and subjective complaints.

---

[1] Plaintiff did not file a Reply Brief to the Commissioner's Brief, and the time to do so has long passed. Fed. R. Civ. P. SUPP SS 8.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*" *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

An individual seeking disability benefits has the burden to prove she is disabled and unable to perform her past relevant work. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *see also* 20 C.F.R. § 404.1529 (setting out standards for evaluating pain and other symptoms).

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1); 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory

findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at §§ 404.1529(c)(1)–(3); 416.929(c)(1)–(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See id.* at 1562 (11th Cir. 1995).

Here, the ALJ included the ubiquitous boilerplate statement found across many ALJ decisions:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 998. Were this all that the ALJ stated regarding claimant's testimony, remand may have been warranted. *See, e.g., Crooker v. Comm'r of Soc. Sec.*, No. 6:20-cv-176-LRH, 2021 WL 1060198, at *4 (M.D. Fla. Mar. 18, 2021) ("These standardized paragraphs are routinely found to lack sufficient rationale for the Court to determine whether the ALJ's credibility determination is supported by substantial evidence.") (citation omitted). However, after discussing the medical evidence of record, the ALJ provided further explanation in support of her credibility determination as follows:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with a finding of disability. At her hearings, the claimant reported medication side effects that included tiredness, dizziness, and sleepiness, However, she consistently denied medication side effects to her doctors during the period in question. The medical evidence does not establish headaches, weakness, fatigue, numbness, pain, anxiety, depression, of any other symptom of the level and severity that would result in debilitating limitations.

>While at the hearings, the claimant testified that she was disabled and unable to work due to her physical and mental impairments, in application documents, she indicated that she stopped working because the "company closed their doors".
>
>. . .
>
>While at the hearings, the claimant alleged her family member would do her grocery shopping for her, but in her function reports, she conceded that she would shop in stores. She is able to do light household chores such as folding laundry and washing dishes. She testified that she is able to prepare and cook elaborate meals. She recently had her daughter in law over to teach her recipes for meals her son enjoys. Further, the claimant was helping to care for her husband who is disabled.
>
>At the hearings and in her function reports, she reported weakness, numbness, and in her hands and legs and major problems with her hips and knees. However, her physical evaluations during the period in question showed that she had a full range of motion in her extremities, normal strength in her upper extremities and intact sensation. Additionally, her shoulders, elbows, hands, hips, and pelvis were said to be normal. There was some indication she used a cane during this period. She admitted that it was not prescribed and there was no indication that she required the use of a brace on her upper or lower extremities.
>
>The claimant did not require inpatient hospitalizations for mental or physical problems, crisis center visits, emergency room visits, Baker Act admissions, surgeries, physical therapy, or chronic pain management treatment. The claimant's treatment was conservative and sporadic.
>
>The claimant's activities of daily living were self-restricted, as no treating source advised the claimant to stay home all day, to lie down during the day or to restrict activities of daily living in any manner. Nor was the claimant advised refrain from performing all gainful work activities.

R. 1000–01.

Claimant asserts that this discussion is deficient because the ALJ did not cite to specific portions of the record. Doc. 18 at 13. However, again, the ALJ discussed the medical evidence of record before she analyzed Claimant's credibility. R. 998–1000. The findings Claimant asserts are unsupported by specific record citations are pulled almost verbatim from the ALJ's discussion of the medical evidence of record, in which discussion the ALJ provided specific citations to the

record.  *Compare* Doc. 18 at 13 *with* R. 1000.  So, contrary to Claimant's assertions, it is clear what specific portions of the record the ALJ found to be inconsistent with Claimant's testimony.

As the court noted in the previous related case, "this is not a case where the ALJ wholesale rejected Claimant's subjective complaints of pain; instead the ALJ found the subjective complaints only partially consistent with the evidence. . . . And despite Claimant's argument to the contrary, the ALJ's discussion of Claimant's subjective complaints was not limited to the boilerplate credibility language found in most disability decisions." *Wood v. Comm'r of Soc. Sec.*, No. 6:20-cv-963-LRH, 2021 WL 2634325, at *4 (M.D. Fla. June 25, 2021).  Here, the ALJ considered Claimant's testimony, provided "explicit and adequate reasons" for discounting it, and those reasons are supported by substantial evidence.  *Foote*, 67 F.3d at 1561–1562.  Accordingly, the undersigned finds no reversible error.

Claimant also appears to challenge the ALJ's characterization of portions of Claimant's testimony.  Doc. 18 at 14–15.  Even if the ALJ misstated Claimant's testimony, Claimant has made no showing that any purported misstatements are material, such that they may warrant remand.  *See Garcia Colon v. Comm'r of Soc. Sec.*, No. 6:18-cv-1382-Orl-DCI, 2019 WL 4140945, at *5 (M.D. Fla. Aug. 30, 2019) (remanding where "the ALJ's misstatements were material and affected the ALJ's ultimate conclusion.").  Claimant also appears to challenge the ALJ's inclusion of Claimant's activities of daily living in evaluating Claimant's testimony.  Doc. 18 at 15.  The undersigned notes that Claimant's activities of daily living were only a small part of the ALJ's overall analysis of Claimant's testimony, and regardless, Claimant cites no authority for the proposition that an ALJ cannot consider activities of daily living in evaluating a claimant's testimony.  *See id.*  Accordingly, the undersigned rejects these arguments.

## IV. Conclusion

Accordingly, for the foregoing reasons, the undersigned respectfully **Recommends** that the final decision of the Commissioner be **AFFIRMED**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy